

James Grimmer
2723 Wagon Wheel Curv
Chaska, MN 55318
Make America Great Again

RECEIVED

FEB 28 2025

Gurstel Law Firm, P.C.

Summons, Complaint

**Gurstel Law Firm, P.C.**
6681 Country Club Drive
Golden Valley, MN 55427

RETURN RECEIPT
REQUESTED

RDC 99                                                    55427

$12.38
S2324E500820-02

U.S. POSTAGE PAID
FCM LG ENV
CHASKA, MN 55318
FEB 25, 2025



EXHIBIT

A



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chrystel Law Firm P.C.
6631 Country Club Drive
Golden Valley, MN 55427

9590 9402 8926 4064 0180 97

2. Article Number (Transfer from service label)

9589 0710 5270 1548 3178 24

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**Gurstel Law Firm, P.C.**
6681 Country Club Drive
Golden Valley, MN 55427

RECEIVED

FEB 2 8 2025

Gurstel Law Firm, P.C.

The documents served include:

- ✅ **Summons (CIV802)**
- ✅ **Complaint (CIV803)**
- ✅ **Motion to Strike Late Discovery Responses & Objections**
- ✅ **Proposed Order Granting Motion to Strike**
- ✅ **Motion for Sanctions Against Plaintiff for Procedural Violations and Bad-Faith Litigation**
- ✅ **Supporting Memorandum of Law**
- ✅ **Affidavit of Service**
- ✅ **Settlement Offer Letter (Exhibit M)**
- ✅ **Settlement Agreement Contract (Exhibit M-1)**
- ✅ **Rejection of Untimely Discovery Responses**
- ✅ **Rejection of Untimely Discovery Objections**

SUMMONS

CIV-802

**STATE OF MINNESOTA**
**CARVER COUNTY DISTRICT COURT**

**FIRST JUDICIAL DISTRICT**
**CASE FILE NUMBER:**
**CASE TYPE: Other/Miscellaneous**
**Consumer Credit Contract**

**James-Andrew: Grimmer©, Secured Party Creditor,**
*Plaintiff,*
v.
**Capital One, N.A., and Gurstel Law Firm, P.C.,**
*Defendants.*

**SUMMONS**

**THIS SUMMONS IS TO THE ABOVE-NAMED DEFENDANTS:**

1. **YOU ARE BEING SUED.**

   o   The Plaintiff has initiated a lawsuit against you. The Complaint is attached to
       this Summons. Do not discard these documents. They are official legal papers
       that impact your legal rights, even if no case has been filed with the court yet.

2. **YOU MUST RESPOND WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.**

   o   You must file a written Answer and serve a copy on the Plaintiff within 21 days
       from the date you receive this Summons and Complaint to avoid default
       judgment.

   o   Instructions and forms for filing an Answer are available at
       www.mncourts.gov/forms under the "Civil" category.

3. **YOU MUST RESPOND TO EACH CLAIM.**

   o   Your Answer must state whether you agree or disagree with each paragraph of
       the Complaint. If you contest the Plaintiff's claims, you must provide a clear
       defense in your Answer.

4. **YOU MUST SERVE YOUR ANSWER TO THE PLAINTIFF AT THE FOLLOWING ADDRESS:**
   James-Andrew: Grimmer
   2723 Wagon Wheel Curv
   Chaska, MN 55318
   Phone: (952) 200-8766
   Email: jamesgrimmer@hotmail.com

5. **CONSEQUENCES OF FAILING TO RESPOND:**

SUMMONS

- o **If you fail to serve a timely written Answer, the Court may enter a default judgment against you for the relief demanded in the Complaint, including but not limited to:**

    - **Statutory damages of $1,000 per violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k.**

    - **Actual damages for financial harm, credit injury, emotional distress, and reputational damage.**

    - **Punitive damages for willful and reckless misconduct.**

    - **An injunction barring all further collection actions until full compliance with federal and state laws.**

    - **Attorney's fees and court costs.**

**NOTICE TO DEFENDANTS**

This lawsuit is filed based on multiple violations of federal and Minnesota state laws, including fraudulent, deceptive, and unlawful debt collection practices committed by Capital One, N.A. and Gurstel Law Firm, P.C.

The claims asserted against you include but are not limited to:

1. **Violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.**

    - o **False or misleading representations regarding the existence and amount of an alleged debt.**

    - o **Continuing collection activity despite failure to validate the debt per 15 U.S.C. § 1692g(b).**

    - o **Engaging in deceptive practices, misrepresentation, and improper litigation threats.**

2. **Violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.**

    - o **Reporting an invalid and unverified account to consumer credit bureaus.**

    - o **Failing to correct or remove false credit information upon dispute.**

3. **Violations of the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801 et seq.**

    - o **Defendants improperly disclosed Plaintiff's nonpublic personal financial information without authorization.**

4. **Violations of the Uniform Commercial Code (UCC):**

    - o **Failure to Provide Accounting Records (UCC § 9-210): Defendants failed to provide a proper chain of title and accounting records proving legal ownership of the alleged debt.**

- ○ **Discharge of Obligation (UCC § 3-603):** Plaintiff tendered a Bill of Exchange for the full amount of the alleged debt ($18,920.85), which was ignored. Plaintiff also sent a settlement payment of $500.00, which Capital One accepted and cashed, thus satisfying the debt obligation under UCC § 3-603.

5.  **Violations of the Internal Revenue Code (IRC), 26 U.S.C. § 6050P:**

    - ○ **Failure to Issue a 1099-C:** Capital One reported the account as "charged off" in August 2023 but failed to issue the legally required IRS Form 1099-C, preventing Plaintiff from properly filing taxes and reporting the alleged debt cancellation as income.

6.  **Violations of Minnesota Consumer Protection Laws:**

    - ○ **Minn. Stat. § 332.37 - Unfair Collection Practices:**

        - ▪ Defendants falsely represented their legal standing to collect the alleged debt.

        - ▪ Defendants engaged in threatening legal action without filing a legitimate case.

        - ▪ Defendants refused to validate the debt while continuing to attempt collection.

**DEMAND FOR RELIEF**

In the Complaint, Plaintiff demands judgment against Defendants for the following relief:

- • **Statutory Damages:**

    - ○ Up to $1,000 per FDCPA violation under 15 U.S.C. § 1692k.

    - ○ Up to $1,000 per FCRA violation under 15 U.S.C. § 1681n.

    - ○ Civil penalties under Minn. Stat. § 332.37 for deceptive debt collection practices.

- • **Actual Damages:**

    - ○ Financial harm and credit score damage due to false reporting.

    - ○ Legal costs incurred in disputing unlawful collection activity.

    - ○ Emotional distress and reputational harm.

- • **Punitive Damages:**

    - ○ For Defendants' intentional, fraudulent, and malicious conduct.

- • **Injunctive Relief:**

    - ○ Prohibiting Defendants from further collection or reporting activities until they fully validate the alleged debt.

summary

- ○ Requiring Capital One to issue a 1099-C for the charged-off debt as mandated by law.

- • **Attorney's Fees and Court Costs under applicable state and federal statutes.**

CC:

**Clerk of the Court**                                   **Filed: 02/26/2025**
Carver County District Court
604 East Fourth Street
Chaska, MN 55318

**C T Corporation System - Registered Agent**          Certified Mail - 9589071052701548317817
**Capital One, N.A. (via C T Corporation System)**     Return Receipt - 9590940289264064018103
**1010 Dale Street North**
**Saint Paul, MN 55117**

**Gurstel Law Firm, P.C.**                             Certified Mail – 9589071052701548317824
6681 Country Club Drive                                Return Receipt – 9590940289264064018097
Golden Valley, MN 55427

**Dated: February 26, 2025**

/s/ James-Andrew: Grimmer

**James-Andrew: Grimmer© - AGENT, Secured Party Creditor**
**Plaintiff, Pro Se**
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmer@hotmail.com

**Complaint for Violations of the Fair Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), Uniform Commercial Code (UCC), and Minnesota Consumer Protection Laws.**
**CIV-803**

STATE OF MINNESOTA
CARVER COUNTY DISTRICT COURT

FIRST JUDICIAL DISTRICT
CASE FILE NUMBER:
CASE TYPE: Other/Miscellaneous
Consumer Credit Contract

James-Andrew: Grimmer©, Secured Party Creditor,
*Plaintiff*,

v.

Capital One, N.A., and Gurstel Law Firm, P.C.,
*Defendants*.

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), FAIR CREDIT REPORTING ACT (FCRA), GRAMM-LEACH-BLILEY ACT (GLBA), UNIFORM COMMERCIAL CODE (UCC), INTERNAL REVENUE CODE (IRC), AND MINNESOTA CONSUMER PROTECTION LAWS**

**JURY TRIAL DEMANDED**

**INTRODUCTION**

1. This action arises from the unlawful and deceptive debt collection practices of Defendants Capital One, N.A. ("Capital One") and Gurstel Law Firm, P.C. ("Gurstel"), which have caused significant harm to Plaintiff, James-Andrew: Grimmer©. Defendants' actions constitute violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.; the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.; the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801 et seq.; the Uniform Commercial Code (UCC); the Internal Revenue Code (IRC); and Minnesota consumer protection laws.

**PARTIES**

2. Plaintiff, James-Andrew: Grimmer©, is a natural person residing in Carver County, Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant Capital One, N.A., is a national banking association headquartered in McLean, Virginia, conducting business in Minnesota.

4. Defendant Gurstel Law Firm, P.C., is a professional corporation and law firm specializing in debt collection, with its principal place of business in Golden Valley, Minnesota.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to Minn. Stat. § 484.01, as the claims arise under federal statutes and Minnesota state law.

6. Venue is proper in Carver County District Court under Minn. Stat. § 542.09, as the events giving rise to this action occurred within this jurisdiction.

**FACTUAL ALLEGATIONS**

**Complaint for Violations of the Fair Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), Uniform Commercial Code (UCC), and Minnesota Consumer Protection Laws.**

7. In August 2023, Capital One reported Plaintiff's account as charged off but failed to issue an IRS Form 1099-C for cancellation of debt, as required by 26 U.S.C. § 6050P.

8. On October 29, 2024, Plaintiff sent a Bill of Exchange for $18,920.85 to Defendants as payment for the alleged debt.

9. On February 7, 2025, Plaintiff sent a $500.00 payment intended as a settlement offer, which was cashed by Capital One.

10. Despite accepting the $500.00 payment, Defendants continued collection efforts without properly addressing the Bill of Exchange, in violation of UCC § 3-603.

11. Defendants failed to provide a legally binding contract or proof of debt ownership, yet continued to report the alleged debt to credit reporting agencies, adversely affecting Plaintiff's creditworthiness.

12. As a result of Defendants' actions, Plaintiff was removed from all credit cards and suffered financial loss due to a harmed credit report, preventing him from opening new credit accounts.

13. Defendants' failure to issue the required Form 1099-C has impeded Plaintiff's ability to accurately file taxes, as the canceled debt amount must be reported as income in the year of cancellation.

14. Defendants' actions have caused Plaintiff significant emotional distress, financial harm, and reputational damage.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

16. Defendants violated the FDCPA by:

a. Engaging in false, deceptive, or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

b. Failing to provide validation of the debt upon request, in violation of 15 U.S.C. § 1692g(b).

c. Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

## COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Defendants violated the FCRA by:

19. Furnishing inaccurate information to credit reporting agencies without proper validation, in violation of 15 U.S.C. § 1681s-2(b).

**Complaint for Violations of the Fair Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), Uniform Commercial Code (UCC), and Minnesota Consumer Protection Laws.**

20. Failing to correct and update information supplied to credit reporting agencies, leading to continued reporting of inaccurate information.

## COUNT III: VIOLATION OF THE GRAMM-LEACH-BLILEY ACT (GLBA)

21. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

19. Defendants, as financial institutions and their representatives, violated the GLBA by:

22. Failing to provide clear and conspicuous disclosures of their information-sharing practices, as required by 15 U.S.C. § 6803.

23. Disclosing nonpublic personal information to third parties without proper authorization, in violation of 15 U.S.C. § 6802.

## COUNT IV: VIOLATION OF THE UNIFORM COMMERCIAL CODE (UCC)

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25. Defendants violated the UCC by:

a. **Failure to Provide Accounting Records:** Despite Plaintiff's formal requests, Defendants did not furnish the necessary accounting records related to the alleged debt, as mandated by UCC § 9-210. This omission has impeded Plaintiff's ability to verify the legitimacy and amount of the debt.

b. **Improper Handling of Negotiable Instruments:** Plaintiff tendered a Bill of Exchange for $18,920.85 on October 29, 2024, and a $500.00 settlement payment on February 7, 2025, which Capital One accepted and cashed. Under UCC § 3-603, such acceptance should discharge the obligation. However, Defendants continued their collection efforts, contravening the provisions of the UCC.

## COUNT V: VIOLATION OF THE INTERNAL REVENUE CODE (IRC)

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. Defendants violated the IRC by:

a. **Failure to Issue Form 1099-C:** Capital One reported Plaintiff's account as charged off in August 2023 but did not issue an IRS Form 1099-C for cancellation of debt, as required by 26 U.S.C. § 6050P. This failure has obstructed Plaintiff's ability to accurately file taxes, as the canceled debt amount must be reported as income in the year of cancellation.

## COUNT VI: VIOLATION OF MINNESOTA CONSUMER PROTECTION LAWS

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. Defendants violated Minnesota consumer protection statutes by:

a. **Deceptive and Misleading Practices:** Defendants falsely represented the status and ownership of the alleged debt, in violation of Minn. Stat. § 332.37.

**Complaint for Violations of the Fair Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), Uniform Commercial Code (UCC), and Minnesota Consumer Protection Laws.**

b. **Unfair Collection Practices:** Defendants continued collection efforts without providing proper validation of the debt, as required by Minnesota law, thereby employing unfair practices against Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

1. **Statutory Damages:** Award Plaintiff statutory damages of $1,000 per violation of the FDCPA, as provided by 15 U.S.C. § 1692k(a)(2)(A).

2. **Actual Damages:** Award Plaintiff actual damages for emotional distress, financial losses, and harm to reputation resulting from Defendants' unlawful actions.

3. **Punitive Damages:** Award Plaintiff punitive damages to deter Defendants from engaging in similar unlawful conduct in the future.

4. **Injunctive Relief:** Issue an injunction prohibiting Defendants from continuing their unlawful debt collection practices and requiring them to correct Plaintiff's credit reports to reflect the accurate status of the alleged debt.

5. **Attorney's Fees and Costs:** Award Plaintiff reasonable attorney's fees and costs incurred in bringing this action, pursuant to 15 U.S.C. § 1692k(a)(3).

6. **Other Relief:** Grant such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

CC:

**Clerk of the Court**
Carver County District Court
604 East Fourth Street
Chaska, MN 55318

Filed: 02/26/2025

**C T Corporation System -Registered Agent**
Capital One, N.A. (via C T Corporation System)
1010 Dale Street North
Saint Paul, MN 55117

Certified Mail - 9589071052701548317817
Return Receipt - 9590940289264064018103

**Gurstel Law Firm, P.C.**
6681 Country Club Drive
Golden Valley, MN 55427

Certified Mail – 9589071052701548317824
Return Receipt – 9590940289264064018097

**Complaint for Violations of the Fair Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), Uniform Commercial Code (UCC), and Minnesota Consumer Protection Laws.**

Dated: February 25, 2025

Respectfully Submitted,

/s/ James-Andrew: Grimmer©

James-Andrew: Grimmer© - AGENT, Secured Party Creditor

Without Prejudice/Recourse UCC § 1-308

2723 Wagon Wheel Curv

Chaska, MN 55318

Phone: (952) 200-8766

Email: jamesgrimmer@hotmail.com

COVER LETTER FOR FILING MOTION TO STRIKE UNTIMELY DISCOVERY RESPONSES &
OBJECTIONS

**STATE OF MINNESOTA**
**CARVER COUNTY DISTRICT COURT**

**FIRST JUDICIAL DISTRICT**
**CASE FILE NUMBER:**
**CASE TYPE: Other/Miscellaneous**
**Consumer Credit Contract**

**James-Andrew: Grimmer, Secured Party Creditor,**
Plaintiff,

v.

**Capital One, N.A., and Gurstel Law Firm, P.C.,**
Defendants.

**COVER LETTER FOR FILING MOTION TO STRIKE UNTIMELY DISCOVERY RESPONSES &
OBJECTIONS**

**Dated:** February 26, 2025

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

**Clerk of the Court**
Carver County District Court
604 East Fourth Street
Chaska, MN 55318

**Filed: 02/26/2025**

**C T Corporation System -Registered Agent**
Capital One, N.A. (via C T Corporation System)
1010 Dale Street North
Saint Paul, MN 55117

**Certified Mail - 9589071052701548317817**
**Return Receipt - 9590940289264064018103**

**Gurstel Law Firm, P.C.**
6681 Country Club Drive
Golden Valley, MN 55427

**Certified Mail – 9589071052701548317824**
**Return Receipt – 9590940289264064018097**

**RE: Filing of Motion to Strike Untimely Discovery Responses & Objections and Motion for
Sanctions**

To the Honorable Clerk of the Court,

Please find enclosed the following documents for immediate filing in the above-captioned case:

1. **Motion to Strike Plaintiff's Untimely Discovery Responses & Objections**

2. **Proposed Order Granting Motion to Strike**

3. **Motion for Sanctions Against Plaintiff for Procedural Violations and Bad-Faith Litigation**

4. **Supporting Memorandum of Law**

COVER LETTER FOR FILING MOTION TO STRIKE UNTIMELY DISCOVERY RESPONSES & OBJECTIONS

5. **Affidavit of Service**

## LEGAL BASIS FOR MOTION TO STRIKE

Defendants Capital One, N.A. and Gurstel Law Firm, P.C. have failed to comply with discovery deadlines as required by the Minnesota Rules of Civil Procedure (Minn. R. Civ. P. 33.01, 34.02, and 36.01) by:

- Failing to serve discovery responses within the required 30-day deadline following valid discovery requests served on October 29, 2024. Their responses, received on February 4, 2025, are more than two months late and thus legally void and procedurally defective.

- Waiving all objections due to untimeliness, per Minnesota law, and attempting to introduce improper objections and responses after the procedural deadline expired.

- Engaging in deceptive litigation tactics by knowingly disregarding the December 31, 2024, cut-off deadline, despite multiple written warnings from Plaintiff.

- Failing to establish standing to issue discovery responses, as no case was formally filed in a Minnesota court as of February 10, 2025—making all discovery responses and objections procedurally void.

**Minnesota courts have held that late discovery responses and objections are** automatically waived **under procedural rules.** See *Cornfeldt v. Tongen*, **295 N.W.2d 638 (Minn. 1980)** (holding that failure to comply with procedural deadlines results in waiver and preclusion of evidence). **Likewise, in** *Schmitz v. U.S. Steel Corp.*, **852 N.W.2d 669 (Minn. Ct. App. 2014), the Minnesota Court of Appeals reaffirmed that** discovery deadlines must be strictly followed to prevent undue prejudice to the opposing party. **Further, under** *Minn. R. Civ. P. 37.02(b)(3)*, **courts have broad authority to** strike pleadings, dismiss claims, or enter judgment as a sanction for discovery violations. **Given Defendants' deliberate failure to comply with discovery deadlines, all untimely responses must be** stricken in their entirety, **and** sanctions imposed **to prevent further bad-faith litigation tactics.**

Given these procedural failures, Plaintiff's responses and objections are legally void and should be **stricken from the record in their entirety.** Furthermore, due to Plaintiff's bad-faith litigation tactics, Defendant respectfully moves this Court to impose **sanctions** under **Minn. R. Civ. P. 37.03**.

## RELIEF REQUESTED

Plaintiff respectfully moves this Court to grant the following relief:

1. **An Order Striking Plaintiff's Discovery Responses & Objections in Their Entirety** due to procedural noncompliance.

2. **An Order Prohibiting Plaintiff from Introducing Any New Discovery Evidence** beyond the deadline of **December 31, 2024.**

COVER LETTER FOR FILING MOTION TO STRIKE UNTIMELY DISCOVERY RESPONSES & OBJECTIONS

3.  **An Order Imposing Sanctions Against Plaintiff** for procedural abuse, including **monetary penalties under Minn. R. Civ. P. 37.03** for bad-faith litigation tactics and discovery violations.

4.  **An Order Declaring Defendants' Objections Waived** due to procedural default.

**REQUEST FOR IMMEDIATE COURT ACTION**

Given the **deliberate delay and procedural misconduct** displayed by Defendants, **Plaintiff respectfully requests that this motion be scheduled for a hearing at the earliest available opportunity.**

Additionally, please inform me of any required filing fees or procedural requirements that must be completed. I will **submit the $100 jury trial fee if this matter proceeds to that stage** and will seek further legal action as necessary.

Plaintiff has **exhausted every effort to resolve this matter without trial** and remains committed to **resolving this issue lawfully and equitably.**

This motion is submitted in good faith, and I request that it be calendared for a hearing at the Court's earliest convenience. Please advise me of any filing fees or additional requirements necessary to ensure proper processing of this motion.

Thank you for your time and attention to this matter. **Please confirm receipt of these filings at your earliest convenience.**

Sincerely,

/s/ James-Andrew: Grimmer

**James-Andrew: Grimmer© - AGENT, Secured Party Creditor**
Plaintiff, Pro Se
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmer@hotmail.com

STATE OF MINNESOTA
CARVER COUNTY DISTRICT COURT

FIRST JUDICIAL DISTRICT
CASE FILE NUMBER:
CASE TYPE: Other/Miscellaneous
Consumer Credit Contract

James-Andrew: Grimmer, Secured Party Creditor,
Plaintiff,

v.

Capital One, N.A., and Gurstel Law Firm, P.C.,
Defendants.

---

**MOTION FOR SANCTIONS**

Dated: 02/25/2025

**TO: THE HONORABLE COURT AND ALL PARTIES HEREIN:**

COMES NOW Plaintiff, **James-Andrew: Grimmer©,** and moves this Court to impose **severe sanctions** against Defendants, **Capital One, N.A. and Gurstel Law Firm, P.C.,** for their **deliberate procedural misconduct, abuse of process, and violations of federal and state consumer protection laws.** In support of this motion, Plaintiff states the following:

---

**I. FACTUAL BACKGROUND**

1. **False and Misleading Litigation Conduct:** Defendants, particularly Gurstel Law Firm, P.C., have engaged in deceptive litigation tactics by issuing a Summons and Complaint **without a valid case number**, misleading Plaintiff into believing that a legitimate lawsuit had been filed.

2. **Failure to Validate Debt:** Despite multiple certified requests, Defendants have failed to provide a **legally valid contract, signed by Plaintiff, proving liability for the alleged debt.** The only documents provided consist of generic billing statements and an unrelated terms and conditions document, neither of which establish enforceability.

3. **Contradictory Claims Regarding Debt Ownership:**

   o  Gurstel Law Firm claims to be collecting on behalf of Capital One, N.A.

   o  Capital One, N.A. reported the alleged account as **charged off in August 2023** but failed to issue a **1099-C form** in violation of **26 U.S.C. § 6050P.**

   o  Defendants have **failed to produce any chain of assignment, purchase agreement, or lawful authority** to collect this debt.

4. **Improper Handling of Negotiable Instruments:**

Page 1 of 4

- - Plaintiff tendered a **Bill of Exchange for $18,920.85 on October 29, 2024**, and a **$500.00 settlement payment on February 7, 2025**, which Capital One cashed. Per **UCC § 3-603**, this satisfies the obligation.
  - Defendants have continued collection activities despite this discharge, violating **the Uniform Commercial Code and FDCPA.**

5. **Untimely and Procedurally Deficient Discovery Responses:**
   - Plaintiff properly served **Interrogatories, Requests for Production, and Admissions on October 29, 2024.**
   - Defendants **failed to respond by the deadline (November 28, 2024)** and only submitted responses on **February 4, 2025**, more than two months late.
   - Under **Minnesota Rules of Civil Procedure (Minn. R. Civ. P. 33.01, 34.02, 36.01)**, Defendants' objections and responses are **waived and legally void.**

6. **Bad-Faith Litigation and Procedural Misconduct:**
   - Defendants knowingly and intentionally delayed discovery responses to obstruct Plaintiff's ability to litigate this matter.
   - Defendants' procedural abuses **warrant the imposition of sanctions**, including **monetary penalties, striking their discovery responses, and dismissal of this case with prejudice.**

## II. LEGAL BASIS FOR SANCTIONS

### 1. Violations of the Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. § 1692 et seq.)

- **15 U.S.C. § 1692e:** False, deceptive, or misleading representations regarding the debt.
- **15 U.S.C. § 1692f:** Unfair and unconscionable collection practices.
- **15 U.S.C. § 1692g(b):** Failure to cease collection efforts after a timely dispute was filed.

### 2. Violations of the Fair Credit Reporting Act (FCRA, 15 U.S.C. § 1681 et seq.)

- **15 U.S.C. § 1681s-2(b):** Furnishing inaccurate credit information and failing to correct false credit reporting.

### 3. Violations of the Uniform Commercial Code (UCC)

- **UCC § 9-210:** Failure to provide an accounting of the alleged debt.
- **UCC § 3-603:** Discharge of obligation after Plaintiff's payment was accepted.

### 4. Violations of Minnesota Consumer Protection Laws

- **Minn. Stat. § 332.37:** Unfair and deceptive collection practices.

○ **Minn. R. Civ. P. 37.01:** Authorizes sanctions for failure to comply with discovery obligations.

## III. REQUESTED SANCTIONS

WHEREFORE, Plaintiff respectfully requests that this Court impose the following sanctions against Defendants:

1. **STRIKE Defendants' Untimely Discovery Responses and Objections** due to procedural violations.

2. **IMPOSE MONETARY SANCTIONS** against Gurstel Law Firm, P.C., for willful misconduct and bad-faith litigation tactics.

3. **DISMISS ANY DEFENSES ASSERTED BY DEFENDANTS** as a result of procedural misconduct.

4. **AWARD STATUTORY DAMAGES TO PLAINTIFF:**

   ○ **$1,000 per FDCPA violation (15 U.S.C. § 1692k).**

   ○ **$1,000 per FCRA violation (15 U.S.C. § 1681n).**

   ○ **IRS penalties under 26 U.S.C. § 6721** for failure to issue a 1099-C.

5. **ENJOIN DEFENDANTS FROM CONTINUED COLLECTION ACTIVITY** until they provide full debt validation. Opportunity Expired.

6. **GRANT PLAINTIFF ATTORNEY'S FEES AND COSTS** incurred in pursuing this motion.

## IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court impose sanctions against Defendants Gurstel Law Firm, P.C. and Capital One, N.A. for their bad-faith litigation, procedural misconduct, and consumer protection violations.

Respectfully submitted,
Dated: February 26, 2025 /s/ James-Andrew: Grimmer©

James-Andrew: Grimmer© -AGENT, Secured Party Creditor
Plaintiff, Pro Se
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmer@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February 2025, a true and correct copy of the foregoing Motion for Sanctions was served upon the following via certified mail and electronic service:

**Clerk of the Court**
Carver County District Court              Filed: 02/26/2025
604 East Fourth Street
Chaska, MN 55318

**C T Corporation System -Registered Agent**
Capital One, N.A. (via C T Corporation System)      Certified Mail - 9589071052701548317817
1010 Dale Street North                                Return Receipt - 9590940289264064018103
Saint Paul, MN 55117

**Gurstel Law Firm, P.C.**
6681 Country Club Drive                  Certified Mail – 9589071052701548317824
Golden Valley, MN 55427                  Return Receipt – 9590940289264064018097

SUPPORTING MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
and AFFIDAVIT OF SERVICE

**STATE OF MINNESOTA**
**CARVER COUNTY DISTRICT COURT**

**FIRST JUDICIAL DISTRICT**
**CASE FILE NUMBER:**
**CASE TYPE: Other/Miscellaneous**
**Consumer Credit Contract**

**James-Andrew: Grimmer©, Secured Party Creditor,**
Plaintiff,

v.

**Capital One, N.A., and Gurstel Law Firm, P.C.,**
Defendants.

**SUPPORTING MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**

**TO: THE HONORABLE COURT AND ALL PARTIES HEREIN:**

COMES NOW Plaintiff, **James-Andrew: Grimmer©,** and submits this **Supporting Memorandum** in support of the **Motion for Sanctions** against Defendants, **Capital One, N.A. and Gurstel Law Firm, P.C.,** based on their deliberate procedural misconduct, failure to validate the alleged debt, abuse of process, and violations of multiple federal and state consumer protection laws.

## I. INTRODUCTION

Defendants have engaged in a pattern of unlawful, deceptive, and procedurally improper conduct to intimidate Plaintiff and hinder the fair administration of justice. Their refusal to provide a legally enforceable contract, failure to validate the alleged debt, and submission of untimely and procedurally deficient discovery responses require this Court to impose **strict sanctions** to prevent further abuse.

## II. FACTUAL BACKGROUND

1. **Deceptive Litigation Tactics**

   o Gurstel Law Firm issued a **Summons and Complaint without a valid court case number,** falsely implying that a lawsuit had been filed.

   o This constitutes **fraudulent legal intimidation,** violating the **Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. § 1692e).**

2. **Failure to Validate Debt & Contradictions in Ownership**

   o Despite multiple certified requests, Defendants failed to provide **a valid, signed contract proving liability.**

SUPPORTING MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
and AFFIDAVIT OF SERVICE

- ○ Capital One, N.A. reported the account as **charged off in August 2023**, yet continued collection efforts **without issuing a required 1099-C (26 U.S.C. § 6050P)**.

3. **Improper Handling of Negotiable Instruments**

   - ○ Plaintiff submitted a **Bill of Exchange for $18,920.85 on October 29, 2024, and a $500.00 settlement payment on February 7, 2025**, which Capital One cashed.

   - ○ Per **UCC § 3-603**, the acceptance of these instruments satisfies the obligation, yet Defendants continued collection attempts.

4. **Procedural Abuses in Discovery Responses**

   - ○ Plaintiff served **Interrogatories, Requests for Production, and Admissions on October 29, 2024**.

   - ○ **Defendants failed to respond by the required deadline of November 28, 2024**, making their responses legally waived under **Minn. R. Civ. P. 33.01 and 34.02**.

   - ○ **Untimely discovery responses received on February 4, 2025, must be stricken.**


## III. LEGAL ARGUMENT

### 1. Violations of Federal and State Law

- **FDCPA Violations (15 U.S.C. § 1692e, § 1692f, § 1692g(b)):** Defendants engaged in false representations, unfair collection practices, and failure to validate debt.

- **FCRA Violations (15 U.S.C. § 1681s-2(b)):** Capital One reported inaccurate credit information and failed to correct false reporting.

- **UCC Violations (§ 9-210, § 3-603):** Failure to provide an accounting of the alleged debt and continued collection after valid discharge.

- **Minnesota Consumer Protection Violations (Minn. Stat. § 332.37):** Engaging in fraudulent debt collection practices and deceptive legal threats.

### 2. Grounds for Sanctions

- **Striking of Defendants' untimely discovery responses** is warranted under **Minn. R. Civ. P. 37.01**.

- **Monetary sanctions** are appropriate given Defendants' **intentional and bad-faith litigation tactics.**

- **A bar on further collection activities** should be issued until full compliance with debt validation requirements is met.

SUPPORTING MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
and AFFIDAVIT OF SERVICE

## IV. REQUEST FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1. **STRIKE Defendants' Untimely Discovery Responses and Objections** due to procedural violations.

2. **IMPOSE MONETARY SANCTIONS** against Defendants for their bad-faith litigation tactics.

3. **BAR DEFENDANTS FROM PURSUING FURTHER COLLECTION ATTEMPTS** until full debt validation is provided. Already Expired.

4. **AWARD STATUTORY DAMAGES TO PLAINTIFF** under the FDCPA, FCRA, and applicable Minnesota statutes.

5. **GRANT PLAINTIFF REASONABLE COSTS AND FEES** associated with enforcing this motion.

## V. CONCLUSION

For the reasons stated above, Plaintiff urges this Court to grant the **Motion for Sanctions** and take all necessary actions to prevent further abuse by Defendants.

**Respectfully submitted,**
Dated: February 26, 2025

**/s/ James-Andrew: Grimmer**
James-Andrew: Grimmer© - AGENT, Secured Party Creditor
Plaintiff, Pro Se
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmer@hotmail.com

## AFFIDAVIT OF SERVICE

I hereby certify that on this **26th day of February 2025**, a true and correct copy of the **Supporting Memorandum in Support of Motion for Sanctions** was served upon the following via **certified mail and electronic service:**

**Clerk of the Court**
Carver County District Court
604 East Fourth Street
Chaska, MN 55318

**Filed: 02/26/2025**

**SUPPORTING MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
and AFFIDAVIT OF SERVICE**

**C T Corporation System -Registered Agent**
Capital One, N.A. (via C T Corporation System)
1010 Dale Street North
Saint Paul, MN 55117

**Certified Mail - 9589071052701548317817**
**Return Receipt - 9590940289264064018103**

**Gurstel Law Firm, P.C.**
6681 Country Club Drive
Golden Valley, MN 55427

**Certified Mail – 9589071052701548317824**
**Return Receipt – 9590940289264064018097**

**/s/ James-Andrew: Grimmer© - AGENT**
James-Andrew: Grimmer, Pro Se
Plaintiff, Secured Party Creditor

**Rejection Discovery Responses**

**James-Andrew: Grimmer**
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmerhotmail.com

**February 2**5**, 2025**

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

**Clerk of the Court**
Carver County District Court            **Filed: 02/2**5**/2025**
604 East Fourth Street
Chaska, MN 55318

**C T Corporation System -Registered Agent**
Capital One, N.A. (via C T Corporation System)    **Certified Mail - 9589071052701548317817**
1010 Dale Street North                **Return Receipt - 9590940289264064018103**
Saint Paul, MN 55117

**Gurstel Law Firm, P.C.**
6681 Country Club Drive               **Certified Mail – 9589071052701548317824**
Golden Valley, MN 55427              **Return Receipt – 9590940289264064018097**

**RE: FORMAL REJECTION OF PLAINTIFF'S UNTIMELY DISCOVERY RESPONSES**

To Whom It May Concern,

This letter serves as a **formal rejection** of Plaintiff's untimely responses to Defendant's **First Request for Production of Documents** and other discovery requests. Plaintiff's responses, received on **February 4, 2025,** are **procedurally invalid, untimely, and will not be accepted** under Minnesota law for the following reasons:

**LEGAL BASIS FOR REJECTION**

1. **Failure to Meet Procedural Deadlines (Minn. R. Civ. P. 33.01, 34.02, and 36.01)**

   - Defendant properly served Discovery Requests on **October 29, 2024**.

   - Under **Minnesota Rules of Civil Procedure**, Plaintiff had **30 days to respond.**

   - Plaintiff **failed to respond by the required deadline of November 28, 2024**, thus waiving any objections.

   - **Plaintiff's responses received on February 4, 2025, are more than two months late and legally void.**

2. **Non-Existence of a Filed Case as of February 10, 2025**

Rejection Discovery Responses

- As of the date of this letter, **no lawsuit has been formally filed in any Minnesota court.**

- Discovery responses are legally irrelevant without an active court case.

3. **Prior Notice That Defendant Would Not Accept Late Responses**

   - Defendant explicitly **stated in prior correspondence** that any discovery responses received **after December 31, 2024, would be rejected as untimely.**

   - Plaintiff knowingly disregarded this deadline and is attempting to cure its own procedural failures. **This will not be permitted.**

## FORMAL REJECTION & DEMAND FOR IMMEDIATE COMPLIANCE

1. **Plaintiff's Discovery Responses, received on February 4, 2025, are hereby formally rejected as untimely and procedurally invalid.**

2. **Plaintiff has waived all objections due to failure to respond within the required timeframe.**

3. **Plaintiff must provide full and unredacted discovery responses within five (5) business days or face immediate legal consequences.**

4. **If Plaintiff fails to comply, Defendant will file a Motion to Strike and Motion for Sanctions for procedural violations and bad faith litigation.**

## FINAL NOTICE

If Plaintiff fails to comply within **five (5) business days,** Defendant will escalate legal actions, including:

- **Filing a Motion to Strike all untimely discovery responses.**

- **Filing a Motion for Sanctions against Plaintiff for procedural misconduct.**

- **Filing formal complaints with the CFPB, Minnesota Attorney General, and the FTC for deceptive and bad-faith litigation practices.**

Plaintiff's failure to adhere to clear procedural rules has resulted in **self-inflicted consequences.** Defendant will not entertain further delays or bad-faith litigation tactics. **The next move is on you.**

**Sincerely,**

Rejection Discovery Responses

**James-Andrew: Grimmer© - AGENT**
**Without Prejudice UCC 1-308**
Defendant, Consumer
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmerhotmail.com

Rejection of Untimely Discovery Objections

**James-Andrew: Grimmer**
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmerhotmail.com

**February 26, 2025**

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

**RE: REJECTION OF PLAINTIFF'S UNTIMELY OBJECTIONS TO DISCOVERY**

To Whom It May Concern,

This letter serves as a **formal rejection and notice of non-acceptance** of your firm's **General Objections to Answers to Discovery**, dated **February 4, 2025**, which is **grossly untimely** and **procedurally invalid** under Minnesota law.

Defendant **properly served Discovery Requests on October 29, 2024.** Minnesota Rules of Civil Procedure require responses and objections to **be made within 30 days** of service, unless an extension is granted by agreement of both parties or by court order. **No such extension was requested or agreed upon.**

Your objections are now **legally waived** as they were not served within the required timeframe.

Additionally, as of **February 10, 2025**, there is **no case filed in any Minnesota court** associated with this matter, rendering your objections **procedurally meaningless.** Your firm is attempting to engage in frivolous litigation tactics, which constitutes a **bad faith abuse of the legal process.**

**LEGAL BASIS FOR REJECTION OF OBJECTIONS**

1. **Failure to Meet Procedural Deadlines (Minn. R. Civ. P. 33.01 and 34.02)**

   - Your objections were due **no later than November 28, 2024.**

   - Serving objections **more than two months late** is a **clear violation** of Minnesota procedural rules.

   - Per Minnesota law, **failure to respond in time waives any objections to discovery requests.**

2. **Failure to Establish a Legitimate Legal Basis for Objections**

   - Your general objections **lack specificity** and fail to identify any legitimate reason why the requested documents should not be produced.

   - Blanket, boilerplate objections are **improper under Minnesota law** and will not be entertained.

3. **Non-Existence of a Filed Case as of February 10, 2025**

Rejection of Untimely Discovery Objections

- o As no case has been formally filed in a Minnesota court, your attempt to serve objections and discovery responses is legally void.
- o Your firm has no legal authority to issue discovery objections absent an active court case.

## DEMAND FOR IMMEDIATE COMPLIANCE

1. **Your objections are formally rejected and deemed waived due to untimeliness.**

2. **Plaintiff's Response to Defendant's First Request for Production of Documents is hereby rejected.**

3. **You are required to provide full, unredacted, and properly validated responses to all discovery requests within five (5) business days.**

4. **If you fail to comply, Defendant will move for sanctions, including an order striking all of Plaintiff's discovery objections and responses, and seeking monetary penalties for bad faith litigation.**

## FINAL WARNING

If your firm fails to comply with the above demands within five (5) business days, I will immediately escalate this matter, including:

- **Filing a Motion to Strike your untimely discovery responses.**
- **Filing a Motion for Sanctions against your firm for procedural abuse.**
- **Filing formal complaints with the CFPB, Minnesota Attorney General, and the FTC regarding your deceptive and bad-faith litigation practices.**

The **responsibility now lies solely with your firm.** Either you comply with the law, or you will face **immediate legal consequences.**

**Sincerely,**

**James-Andrew: Grimmer - All Rights Reserved, Without Prejudice UCC 1-308**
Defendant, Consumer
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmerhotmail.com


CC:

### Rejection of Untimely Discovery Objections

**Clerk of the Court**
Carver County District Court
604 East Fourth Street
Chaska, MN 55318

**Filed: 02/26/2025**

**C T Corporation System -Registered Agent**
Capital One, N.A. (via C T Corporation System)
1010 Dale Street North
Saint Paul, MN 55117

**Certified Mail - 9589071052701548317817**
**Return Receipt - 9590940289264064018103**

**Gurstel Law Firm, P.C.**
6681 Country Club Drive
Golden Valley, MN 55427

**Certified Mail – 9589071052701548317824**
**Return Receipt – 9590940289264064018097**

/s/ James-Andrew: Grimmer© - AGENT
James-Andrew: Grimmer, Pro Se
Plaintiff, Secured Party Creditor

Page **3** of **3**

Filing Exhibit M - Cover Page:

**STATE OF MINNESOTA**
**CARVER COUNTY DISTRICT COURT**

**FIRST JUDICIAL DISTRICT**
**CASE FILE NUMBER:**
**CASE TYPE: Other/Miscellaneous**
**Consumer Credit Contract**

**James-Andrew: Grimmer©, Secured Party Creditor,**
Plaintiff,

v.

**Capital One, N.A., and Gurstel Law Firm, P.C.,**
Defendants.

**JAMES-ANDREW: GRIMMER, Plaintiff**

v.

**CAPITAL ONE, N.A. & GURSTEL LAW FIRM, P.C., Defendants**

**EXHIBIT L – SETTLEMENT OFFER & AGREEMENT**

This Exhibit is submitted to **document Plaintiff's formal efforts to resolve this dispute** prior to trial. The attached documents include:

1. **Settlement Offer Letter (Dated: February 25, 2025)** – Sent to Defendants via Certified Mail, outlining terms for full settlement.

2. **Settlement Agreement Contract** – A legally binding agreement for Defendants to sign, which would have resolved all claims.

Defendants have **failed to accept this reasonable offer within the given time period, despite multiple violations of federal and state laws.** This Exhibit serves as **proof of Defendants' bad faith refusal to settle, which necessitates further legal action, sanctions, and punitive damages.**

Plaintiff respectfully requests the Court to take **judicial notice of Defendants' refusal** to negotiate in good faith and to consider this in all further rulings and motions.

Dated: **February 25, 2025**

**Respectfully submitted,**

*/s/ James-Andrew: Grimmer*

**James-Andrew: Grimmer© - AGENT, Secured Party Creditor**
Plaintiff, Pro Se
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmer@hotmail.com

**Final Settlement Offer Prior to Jury Trial & Request for Immediate Resolution**

**STATE OF MINNESOTA**
**CARVER COUNTY DISTRICT COURT**

**FIRST JUDICIAL DISTRICT**
**CASE FILE NUMBER:**
**CASE TYPE: Other/Miscellaneous**
**Consumer Credit Contract**

**James-Andrew: Grimmer, Secured Party Creditor,**
Plaintiff,

v.

**Capital One, N.A., and Gurstel Law Firm, P.C.,**
Defendants.

---

**Dated:** February 25, 2025

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

**Clerk of the Court**
Carver County District Court
604 East Fourth Street
Chaska, MN 55318

**Filed: 02/25/2025**

**C T Corporation System -Registered Agent**
Capital One, N.A. (via C T Corporation System)
1010 Dale Street North
Saint Paul, MN 55117

**Certified Mail - 9589071052701548317817**
**Return Receipt - 959094028926406 4018103**

**Gurstel Law Firm, P.C.**
6681 Country Club Drive
Golden Valley, MN 55427

**Certified Mail – 9589071052701548317824**
**Return Receipt – 95909402892640640 18097**

**Re: Final Settlement Offer Prior to Jury Trial & Request for Immediate Resolution**

To the **Honorable** Court, Defendants **Capital One, N.A. & Gurstel Law Firm, P.C.,**

This formal settlement demand is submitted in **good faith** to allow **Capital One, N.A. & Gurstel Law Firm, P.C.** the opportunity to **resolve this matter prior to jury trial** and avoid **further litigation, penalties, and reputational damage.**

Plaintiff has exercised **every reasonable effort** to resolve this issue without litigation, yet **Defendants have ignored due process, violated federal and state laws, and engaged in deceptive, unlawful debt collection practices.**

This **Final Offer** provides **one last opportunity** for Defendants to resolve the matter **amicably** before the **full force of trial, statutory penalties, and regulatory investigations** are pursued.

**Final Settlement Offer Prior to Jury Trial & Request for Immediate Resolution**

## 1. MONETARY COMPENSATION FOR DAMAGES & LEGAL COSTS

To compensate Plaintiff for **actual damages, statutory violations, defamation, emotional distress, credit harm, and legal expenses,** Defendants **must pay** one of the following:

- **Lump Sum Payment of $3,000,000.00**

- **OR:** $2,000,000.00 upfront + $1,000,000.00 payable over 7 years in equal monthly installments.

**Failure to Pay:** If any scheduled payment is missed, the **full remaining balance becomes immediately due** plus **a penalty of $500,000.00.**

## 2. FULL CREDIT RESTORATION & PERMANENT ACCOUNT REINSTATEMENT

- **Immediate restoration** of Plaintiff's credit to its **pre-damaged state** before Defendants' unlawful conduct.

- **Immediate deletion** of all negative reporting related to this account from **all consumer reporting agencies** (Equifax, Experian, TransUnion).

- **Permanent reinstatement of Plaintiff's Capital One account(s)** with:

  - A **minimum credit limit of $50,000.00,**

  - Upgrade to **Capital One's highest-tier credit card,**

  - A **written guarantee** that the credit limit will **never be reduced or revoked.**

- **Written confirmation** from Capital One that Plaintiff is in **good standing** with no adverse reports.

## 3. RETURN OF SECURITIES, PROFITS, & ASSIGNMENTS

**As a Secured Party Creditor,** Plaintiff has a **vested financial interest** in any and all securities, assignments, and profits derived from his name or credit without proper authorization.

- **Capital One & Gurstel must return ALL securities, financial instruments, assignments, and negotiable instruments created or sold under Plaintiff's name.**

- **Legal Basis:** Under the **Uniform Commercial Code (UCC) § 9-210,** Plaintiff has a right to demand a **full accounting** of any assignments, securitization, fractional banking practices, or financial gain made from his credit.

- **Failure to return or disclose such profits constitutes financial fraud, unjust enrichment, and securities violations.**

**Final Settlement Offer Prior to Jury Trial & Request for Immediate Resolution**

- Any undisclosed profit made by Defendants through securitization, bond issuance, or credit assignment under Plaintiff's name must be fully compensated.

## 4. ATTORNEY'S FEES, COURT COSTS, & LITIGATION EXPENSES

- **Capital One & Gurstel must fully reimburse** Plaintiff for **all** legal costs, filing fees, certified mail expenses, and administrative expenses.
- **Total already spent:** Over **$700.00** on legal expenses.
- **Future Legal Costs Clause:** If Defendants breach this agreement, they must cover **all** future legal fees, including Plaintiff's **attorney's fees** if counsel is retained.

## 5. STATUTORY MAXIMUM DAMAGES – NON-WAIVER

- Plaintiff **DOES NOT waive** his right to seek **full statutory damages** under:
  - **Fair Debt Collection Practices Act (FDCPA)** – 15 U.S.C. § 1692k
  - **Fair Credit Reporting Act (FCRA)** – 15 U.S.C. § 1681n
  - **Minnesota Consumer Protection Laws** – Minn. Stat. § 332.37
  - **Securities & Contract Law** – UCC § 3-603, UCC § 9-210
- **Any future violations** by Defendants **reset the statutory damage limit,** allowing new lawsuits.

## 6. NON-DISCLOSURE AGREEMENT (NDA) & CONFIDENTIALITY CLAUSE

- If Defendants **accept** this settlement, Plaintiff agrees to **keep settlement terms confidential.**
- If Defendants **reject or delay,** Plaintiff reserves the right to **publicly expose** Defendants' **fraudulent conduct** through:
  - Public press releases
  - Regulatory complaints to the **CFPB, FTC, SEC, IRS, Minnesota Attorney General.**
  - Social media, public forums, and legal consumer protection organizations.

## 7. COMPLIANCE MONITORING & PENALTIES FOR FUTURE VIOLATIONS

- Capital One & Gurstel must **submit to annual compliance audits for 3 years.**
- If they **violate consumer protection laws again,** they must pay **$500,000.00 per violation.**

**Final Settlement Offer Prior to Jury Trial & Request for Immediate Resolution**

---

**FINAL WARNING & DEADLINE FOR RESPONSE**

Defendants have **15 days** from receipt of this settlement offer to respond **in writing.**

- **If settlement is reached,** Plaintiff will withdraw **punitive damages claims** and consider the matter closed.
- **If Defendants ignore or reject this offer, Plaintiff will immediately proceed to jury trial and seek the full amount of $3,830,000.00+ plus additional sanctions.**
- **If fraudulent counterclaims or stalling tactics are attempted,** a penalty of **$500,000.00** will be **added** to the settlement demand.
- **This is the last opportunity for Defendants to resolve this case privately.**

---

**SIGN & RETURN AGREEMENT**

Defendants must sign and return this agreement **within 15 days.** If they fail to do so, they waive any further opportunity to settle, and Plaintiff will escalate **all legal actions** to the maximum extent allowed by law.

Sincerely,
/s/ **James-Andrew: Grimmer**

**James-Andrew: Grimmer© - AGENT, Secured Party Creditor**
Plaintiff, Pro Se
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmer@hotmail.com

## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into on this __ day of _____, 2025 ("Effective Date") by and between:

- **James-Andrew: Grimmer, Secured Party Creditor, Plaintiff, Pro Se ("Plaintiff")**

- **Capital One, N.A. and Gurstel Law Firm, P.C. (collectively "Defendants")**

WHEREAS, Plaintiff has filed legal claims against Defendants in **Carver County District Court, First Judicial District, State of Minnesota, Case No. _____ ("the Lawsuit")** for violations of the **Fair Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), Uniform Commercial Code (UCC), Minnesota Consumer Protection Laws, and other applicable laws;**

WHEREAS, the parties desire to **resolve all claims without further litigation** and to enter into a **binding agreement** to settle the matter;

NOW, THEREFORE, in consideration of the mutual promises contained herein, the parties agree as follows:

### 1. MONETARY COMPENSATION

1.1 **Defendants shall pay Plaintiff one of the following settlement options:**

- **Lump Sum Payment of $3,000,000.00** OR

- **$2,000,000.00 upfront and $1,000,000.00 payable over 7 years in equal monthly installments.**

1.2 **Failure to Pay:** If any scheduled payment is missed, the full remaining balance becomes immediately due, plus a penalty of **$500,000.00.**

1.3 Defendants shall remit payment to Plaintiff via **certified check, wire transfer, or another verifiable method.**

### 2. CREDIT RESTORATION & ACCOUNT REINSTATEMENT

2.1 Defendants agree to:

- **Immediately restore Plaintiff's credit to its pre-damaged state.**

- **Remove all negative reporting from all credit bureaus (Equifax, Experian, TransUnion) within 15 days.**

- **Reinstate Plaintiff's Capital One account(s) with:**

  - A **minimum credit limit of $50,000.00,**

  - Upgrade to **Capital One's highest-tier credit card,**

  - A **permanent guarantee** that the account will **never be reduced, canceled, or downgraded.**

## SETTLEMENT AGREEMENT & RELEASE

- ○ Written confirmation that Plaintiff is in **good standing** with no adverse reports.

## 3. RETURN OF SECURITIES, PROFITS & ASSIGNMENTS

3.1 **Defendants shall return all securities, assignments, and financial instruments created under Plaintiff's name.**

3.2 **Legal Basis:** Under **UCC § 9-210**, Plaintiff has a right to full accounting of any financial gain, assignments, or profits derived from his credit.

3.3 **Any undisclosed profit made through securitization, bond issuance, or assignment under Plaintiff's name must be fully disclosed and compensated.**

## 4. ATTORNEY'S FEES & LEGAL COSTS

4.1 Defendants shall **fully reimburse Plaintiff** for:

- **All filing fees, legal expenses, and certified mail costs ($500+ already spent, plus any additional incurred).**
- **All future legal fees should Defendants breach this agreement.**

4.2 **Future Legal Costs Clause:** If Defendants violate this agreement, they shall be responsible for **all legal costs** associated with enforcing the terms.

## 5. STATUTORY DAMAGES – NON-WAIVER

5.1 Plaintiff does **not** waive his right to statutory damages under:

- **FDCPA (15 U.S.C. § 1692k)**
- **FCRA (15 U.S.C. § 1681n)**
- **Minnesota Consumer Protection Laws (Minn. Stat. § 332.37)**
- **UCC & Securities Laws (UCC § 3-603, UCC § 9-210)**

5.2 **Any future violations reset the statutory damage limit, allowing Plaintiff to file new lawsuits.**

## 6. NON-DISCLOSURE AGREEMENT (NDA) & CONFIDENTIALITY CLAUSE

6.1 If Defendants accept settlement, Plaintiff agrees to keep the terms **strictly confidential.**

6.2 **If Defendants reject this offer, Plaintiff reserves the right to:**

- Issue **public press releases.**

## SETTLEMENT AGREEMENT & RELEASE

- File **regulatory complaints with CFPB, FTC, SEC, IRS, and MN Attorney General.**

- Expose **Defendants' fraudulent conduct through legal consumer protection organizations and media outlets.**

## 7. COMPLIANCE MONITORING & PENALTIES FOR FUTURE VIOLATIONS

7.1 Defendants agree to **annual compliance audits for 3 years.**

7.2 If found non-compliant, Defendants shall pay **a $500,000.00 fine per violation.**

## 8. BREACH OF AGREEMENT & ENFORCEMENT

8.1 **Any failure by Defendants to honor this agreement will result in:**

- Immediate filing of a **jury trial seeking $3,830,000.00+ in full damages.**

- Additional penalties, including **sanctions, regulatory fines, and potential criminal referrals.**

8.2 If Defendants **attempt fraudulent counterclaims or delay tactics,** a penalty of **$500,000.00** shall be **added** to the settlement demand.

8.3 If settlement payments are **missed or delayed,** Plaintiff shall **immediately file for judgment enforcement.**

## 9. FINAL DEADLINE FOR ACCEPTANCE

9.1 Defendants must **sign and return this agreement within 15 days.**

9.2 If Defendants fail to respond, they **waive all further opportunities to settle, and Plaintiff will escalate all legal actions to the maximum extent allowed by law.**

## SIGNATURES & EXECUTION

IN WITNESS WHEREOF, the Parties have executed this Agreement on the date set forth below:

**PLAINTIFF:**

**/s/ James-Andrew: Grimmer**

## SETTLEMENT AGREEMENT & RELEASE

**James-Andrew: Grimmer© - AGENT, Secured Party Creditor**
Plaintiff, Pro Se
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: (952) 200-8766
Email: jamesgrimmer@hotmail.com

**DEFENDANTS:**

**/s/**_____
Authorized Representative
**Capital One, N.A.**
Date: _____

**/s/**_____
Authorized Representative
**Gurstel Law Firm, P.C.**
Date: _____