RECEIVED

# UNITED STATES DISTRICT COURT

APR 0 9 2025

# DISTRICT OF MINNESOTA

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

---

**JAMES ANDREW GRIMMER,**

      **Plaintiff,**

vs.

**CAPITAL ONE, N.A.; and
GURSTEL LAW FIRM, P.C.**

      **Defendants.**

Civil Action No.: **0:25-cv-01024-PJS-DTS**

# MOTION TO REMAND CASE TO STATE COURT

SCANNED

APR 0 9 2025

U.S. DISTRICT COURT MPLS

---

## MOTION TO REMAND CASE TO STATE COURT

**Plaintiff James-Andrew: Grimmer respectfully moves this Honorable Court, pursuant to 28 U.S.C. §1447(c), to immediately remand the above-captioned action back to the First Judicial District Court, Carver County, Minnesota (State Court Case No.: 10-CV-25-290), due to the Defendants' admitted procedural defect in the attempted removal process and resulting prejudice against Plaintiff as a Pro Se litigant.**

---

## INTRODUCTION

**On March 19, 2025, Defendants Capital One, N.A. and Gurstel Law Firm, P.C., by counsel Bassford Remele, P.A., filed a Notice of Removal to this Court. However, Defendants violated the explicit statutory requirement under 28 U.S.C. §1446(d) by failing to file timely notice of removal with the Clerk of Carver County District Court. Defendants have admitted this procedural error in their Amended Notice filed on April 8, 2025, stating explicitly that the Carver County Court rejected their initial removal attempt.**

## PROCEDURAL DEFECT IN REMOVAL PROCESS

**Federal statute 28 U.S.C. §1446(d) clearly requires:**

**"Promptly after filing the notice of removal of a civil action, the defendant(s) shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court."**

**Defendants failed to meet this statutory requirement. Carver County Court explicitly confirmed (April 3, 2025, verified again April 8, 2025, through MCRO) that no timely notice of removal was received or filed. Consequently, jurisdiction remains vested with Carver County District Court.**

---

## DEFENDANTS' ADMITTED PROCEDURAL ERROR

**In their Amended Notice of Removal (April 8, 2025), Defendants admit:**

**"Defendants' original Notice of Filing of Removal was rejected by Carver County Court administration due to procedural non-compliance."**

**Defendants further admit they mistakenly represented that Plaintiff had not filed his Summons and Complaint with the state court. Defendants' admission underscores their professional negligence, which unfairly burdened Plaintiff, a Pro Se litigant, who diligently complied with all procedures and timelines.**

---

## PREJUDICE AGAINST PLAINTIFF AS A PRO SE LITIGANT

**Defendants' defective removal filings unjustly prejudiced Plaintiff by coercing Plaintiff into erroneously believing the removal was final, prompting Plaintiff to accept an unnecessary and unjust federal extension until April 9, 2025. Plaintiff asserts that the procedural defaults previously established against Defendants in state court should now be recognized as permanent and unappealable, given the Defendants' clear procedural neglect.**

**Plaintiff further emphasizes that if roles were reversed and Plaintiff had failed to timely respond to an unfiled summons and complaint, as commonly done in Minnesota civil proceedings (serve-first, file-later jurisdiction), the Defendants would have immediately obtained a default judgment against Plaintiff without question. Therefore, Defendants must be held to an equal, if not higher, standard due to their professional legal status and the significant imbalance in legal resources and expertise.**

---

## LEGAL BASIS FOR REMAND

Removal statutes are strictly enforced, and procedural defects mandate remand:

- **Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 356 (1999) holds:**

"Procedural requirements for removal must be strictly observed; failure to comply requires remand."

- **Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109 (1941) reinforces:**

"Any procedural defect in removal proceedings requires remand to the state court, preserving state jurisdiction."

Additionally, courts regularly remand upon procedural defects:

- **Polito v. Molasky, 123 F.2d 258, 260 (8th Cir. 1941) (Failure to notify state court timely required remand).**
- **Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3d Cir. 1990) and Benson v. SI Handling Systems, Inc., 188 F.3d 780 (7th Cir. 1999) explicitly uphold the necessity of procedural compliance and remand upon violation.**

---

## PLAINTIFF'S PROACTIVE FILINGS (April 8, 2025)

Plaintiff proactively filed in Carver County District Court:

- **Letter explicitly identifying procedural defects and requesting immediate default judgments for both Gurstel Law Firm P.C. and Capital One, N.A., with prejudice.**
- **Motion for Default Judgment for both Gurstel Law Firm P.C. and Capital One, N.A., with prejudice. (Minn. R. Civ. P. 55.01) clearly establishing Defendants' failure to timely respond.**
- **Declaration and Certificate of Service demonstrating Plaintiff's ongoing procedural diligence.**

These filings further demonstrate Plaintiff's proactive stance and Defendants' continued procedural failures.

---

## RELIEF REQUESTED

Plaintiff respectfully requests this Court to:

1. **Immediately remand this case to First Judicial District Court, Carver County, Minnesota, pursuant to 28 U.S.C. §1447(c) due to Defendants' procedural violations under 28 U.S.C. §1446(d).**

2. **Affirm permanent, unappealable procedural default judgments against Defendants due to their original default and subsequent negligent removal attempt.**

3. **Order Defendants to reimburse Plaintiff for any additional expenses caused by Defendants' improper removal.**

4. **Uphold Plaintiff's clearly established rights as a Secured Party Creditor, officially recorded and recognized by the State of New York Department of State (19-page detailed filing), entitling Plaintiff to full disclosure and forensic accounting under UCC §9-210. Defendants Capital One, N.A. and Gurstel Law Firm, P.C. have repeatedly failed and refused to honor or acknowledge Plaintiff's Secured Party Creditor status despite multiple formal notices and demands.**

**Due to Defendants' repeated refusal, Plaintiff respectfully requests the Court to explicitly order a comprehensive forensic accounting—at Defendants' expense—performed by an independent, neutral third-party professional corporation without prior or current affiliations or conflicts with Defendants.**

**This accounting must fully investigate, document, and explicitly disclose all:**

- **Assignments, sales, transfers, or securitizations of Plaintiff's account(s).**
- **Unauthorized charges, hidden fees, or discrepancies.**
- **Improper securitization practices and related violations.**
- **Failure to provide valid debt validation and accounting under state and federal statutes.**
- **Misrepresentations or inconsistencies regarding account numbers, contractual agreements, or account records.**
- **Unlawful credit reporting practices, inaccuracies, or FCRA violations.**
- **Any potential unjust enrichment, fraudulent accounting practices, or deceptive financial activities involving Plaintiff's account.**
- **Disclose full Chain of Title, Ownership and all Accounting all ledgers, Public and Private.**

**This complete forensic audit and accounting will explicitly ensure full transparency, procedural integrity, and fair adjudication of all Plaintiff's claims, rights, and remedies, especially as related to Plaintiff's secured creditor status and corresponding rights under the Uniform Commercial Code. This is part of the original filings.**

---

**CONCLUSION**

**Defendants' procedural defects, explicit admissions of professional negligence, and their unfair prejudicial impact on Plaintiff as a Pro Se litigant warrant immediate remand of this action to the state court. This relief is consistent with explicit statutory law, procedural justice, and established federal case law.**

**Respectfully submitted this 9th day of April 2025,**

**/s/ James-Andrew: Grimmer ©**

**James-Andrew: Grimmer©**
**Plaintiff, Sui Juris, In Propria Persona**
**Secured Party Creditor**
**2723 Wagon Wheel Curv**
**Chaska, MN 55318**
**Phone: (952) 200-8766**
**Email: jamesgrimmer@hotmail.com**

**CERTIFICATE OF SERVICE**

**I certify under penalty of perjury that on April 9, 2025, I served a true and correct copy of this Motion to Remand by U.S. Certified Mail, Return Receipt Requested (#9589071052701548307856, Receipt #9590940289264064018202), addressed to:**

**Bassford Remele, P.A.**
**Attn: Michael K. Chapman**
**100 South 5th Street, Suite 1500**
**Minneapolis, MN 55402-1254**

**Executed April 9, 2025, in Chaska, Minnesota.**

**/s/ James-Andrew: Grimmer © - Secured Party Creditor**

**Plaintiff, Sui Juris, In Propria Persona**