# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JAMES ANDREW GRIMMER,

    Plaintiff,

vs.

CAPITAL ONE, N.A.; and
GURSTEL LAW FIRM, P.C.

    Defendants.

Civil Action No.: 0:25-cv-01024-PJS-DTS

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

---

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter came before the Court upon Plaintiff James-Andrew: Grimmer's Motion to Remand filed on April 9, 2025, pursuant to 28 U.S.C. §§1446(d) and 1447(c). Plaintiff's motion outlines procedural defects explicitly admitted by Defendants Capital One, N.A. and Gurstel Law Firm, P.C., represented by Bassford Remele, P.A., in their attempted removal to this Court.

Having reviewed the Motion, supporting documents, the applicable law, and the Defendants' admissions within their "Amended Notice of Removal," the Court hereby finds and orders as follows:

**FINDINGS OF FACT:**

1. On March 19, 2025, Defendants filed a Notice of Removal with this Federal Court (Case No.: 0:25-cv-01024-PJS-DTS). Defendants failed to promptly file a corresponding notice with the Clerk of Carver County District Court, as required explicitly under 28 U.S.C. §1446(d).

SCANNED
APR 1 5 2025
U.S. DISTRICT COURT MPLS

1 | Page

2. On April 8, 2025, Defendants explicitly admitted via their "Amended Notice of Removal" filing that Carver County Court rejected their original removal attempt due to procedural non-compliance. Defendants further admitted making inaccurate statements regarding Plaintiff's filing status in state court, causing unnecessary confusion and prejudice to Plaintiff as a Pro Se litigant.

3. Plaintiff has diligently complied with all procedural requirements and has proactively demonstrated adherence to both state and federal procedural rules.

4. Due to Defendants' procedural defects, jurisdiction properly remains with the Carver County District Court, and Defendants' attempted removal is invalid and ineffective.

5. Procedural defaults against both Defendants (Capital One, N.A. defaulted April 1, 2025, and Gurstel Law Firm, P.C. defaulted March 18, 2025) were conclusively established and remain fully enforceable in state court, explicitly preserved by 28 U.S.C. §1450.

## CONCLUSIONS OF LAW:

1. Defendants violated the mandatory procedural requirements under 28 U.S.C. §1446(d) by failing to promptly notify the state court clerk of their removal.

2. Such violations mandate immediate remand under 28 U.S.C. §1447(c).

3. Plaintiff is entitled to immediate remand to State Court to preserve procedural justice and fairness and to prevent undue prejudice against Plaintiff as a Pro Se litigant.

## ORDER:

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Remand is GRANTED in its entirety.

2. The above-captioned action is immediately REMANDED to the First Judicial District Court, Carver County, Minnesota (Case No.: 10-CV-25-290).

3. All procedural defaults established against Defendants prior to the removal attempt remain valid, enforceable, and preserved.

4. The Clerk of Court is directed to take all necessary steps to immediately return this case, including all filed pleadings and documents, to the Carver County District Court.

5. Each Defendant shall bear the costs of any expenses incurred due to the improper removal.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this ____ day of _____, 2025.

**BY THE COURT:**

**Honorable Patrick J. Schiltz**
**United States District Judge**
**District of Minnesota**