UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES ANDREW GRIMMER,

    Plaintiff,

Civil Action No.: 0:25-cv-01024-PJS-DTS

**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

vs.

CAPITAL ONE, N.A.; and
GURSTEL LAW FIRM, P.C.

    Defendants.



## [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

**FINDINGS OF FACT**

1. Plaintiff properly served Gurstel Law Firm, P.C. on February 26, 2025. No response was filed, and default was entered on March 18, 2025, under Minn. R. Civ. P. 55.01.

2. Plaintiff properly served Capital One, N.A. on March 11, 2025. No response was filed, and default was entered on April 1, 2025, under Minn. R. Civ. P. 55.01.

3. Defendants failed to comply with the procedural requirements under 28 U.S.C. §1446(d), rendering removal defective.

4. Plaintiff submitted legally sufficient instruments marked as 'payment in full,' which were accepted and retained by Defendants without rejection or dishonor.

5. Plaintiff filed authenticated UCC §9-210 demands for forensic accounting and debt validation, which Defendants ignored.

6. Plaintiff is formally recognized as a Secured Party Creditor through a recorded UCC-1 Financing Statement with the State of New York.

7. Plaintiff submitted documented credit reporting disputes under the FCRA to CRAs, Capital One, and the CFPB, triggering investigatory obligations which Defendants failed to meet.

**CONCLUSIONS OF LAW**

1. Defaults against both Defendants are valid and enforceable in this Court under 28 U.S.C. §1450, Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423 (1974), and Butner v. Neustadter, 324 F.2d 783 (9th Cir. 1963).

2. Defendants' procedural failures under 28 U.S.C. §1446(d) invalidate removal, requiring remand to State Court.

3. Retention of a full-payment instrument without objection constitutes Accord and Satisfaction under UCC §3-311 and legal discharge under UCC §3-603.

4. Failure to respond to a proper UCC §9-210 accounting demand constitutes a statutory violation.

5. Defendants' failure to investigate and correct disputed credit entries violates FCRA §1681s-2(b).

6. Plaintiff has met all applicable pleading standards under Fed. R. Civ. P. 8(a), and Defendants' Motion to Dismiss is without legal or factual merit.

**ORDER**

Based on the foregoing Findings of Fact and Conclusions of Law, the Court hereby ORDERS as follows:

1. Defendants' Motion to Dismiss is DENIED with prejudice.

2. Plaintiff's Motion to Remand is GRANTED. This matter shall be remanded to the First Judicial District Court, Carver County, Minnesota.

3. Default Judgments against both Defendants are RECOGNIZED and ENFORCED pursuant to Minn. R. Civ. P. 55.01.

4. Defendants shall provide a complete forensic accounting pursuant to UCC §9-210 at their own expense.

5. Plaintiff retains the right to pursue further remedies, damages, and sanctions.

Dated: _____, 2025

BY THE COURT:

_____
Chief Judge Hon. Patrick J. Schiltz, United States District Court