RECEIVED
APR 24 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**JAMES ANDREW GRIMMER,**

    **Plaintiff,**

vs.

**CAPITAL ONE, N.A.; and**
**GURSTEL LAW FIRM, P.C.**

    **Defendants.**

Civil Action No.: 0:25-cv-01024-PJS-DTS

**NOTICE OF DUAL-JURISDICTION BURDEN, PROCEDURAL MISCONDUCT, AND REQUEST FOR JUDICIAL FAIRNESS**

## NOTICE OF DUAL-JURISDICTION BURDEN, PROCEDURAL MISCONDUCT, AND REQUEST FOR JUDICIAL FAIRNESS

Plaintiff respectfully submits this notice to document the procedural harm, legal irregularities, and tactical misuse of federal removal by Defendants' counsel, Bassford Remele, P.A. This filing is submitted to preserve the record and respectfully request judicial awareness and equitable treatment under applicable law.

### I. Procedural Pattern of Misrepresentation and Delay

Since Defendants' attempted removal of this case to federal court, Plaintiff has been forced to correct misstatements, identify missing filings, and respond to documents falsely labeled as federal filings but not reflected in PACER or RECAP. Defendants failed to file a response to Plaintiff's Motion to Remand by the April 23, 2025 deadline, and they did not reply to Plaintiff's Opposition to their Motion to Dismiss by the April 22, 2025 deadline, in violation of Local Rule 7.1(c). Their Rule 7.1 'meet-and-confer' claim was also false. Plaintiff has filed a declaration in Carver County District Court stating that no call, meeting, or meaningful attempt to confer occurred.

Further, their Declaration of Service (Dkt. 21) fails to include a date of service, method of delivery, or tracking. It is physically unsigned, unverified, and fails to meet the standards of proper service under Fed. R. Civ. P. 5(b) or Local Rule 5.4. The Rule 7.1 declaration was never filed, despite claims made in court documents and mailings.

## II. Burden of Dual Jurisdiction and Legal Displacement

This litigation began as a straightforward civil enforcement action under well-documented statutory violations. However, since the attempted removal, Plaintiff has been forced to shift attention from adjudicating core claims to policing defense counsel's procedural missteps, omissions, and violations of court rules. Bassford Remele has submitted physically unsigned, untimely, unnotarized and unverified documents, and continues to manipulate the procedural record with unilateral statements that are not reflected in PACER or MCRO.

This dual-jurisdiction conflict has resulted in a significant redirection of resources toward litigation cleanup rather than legal resolution. The Court is respectfully asked to recognize this imbalance and ensure equal application of procedural standards to both parties.

## III. Legal Status of Default and Enforceability

Under Minnesota Rule of Civil Procedure 55.01, default occurs when 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.' Defendant Gurstel Law Firm, P.C. was served on February 26, 2025 and default was entered on March 18, 2025. Defendant Capital One, N.A. was served on March 11, 2025 and default was established as of April 1, 2025.

No motions to vacate default have been filed. No extensions were requested. No timely responses were submitted. A default, once validly entered and unchallenged, is presumed enforceable under 28 U.S.C. §1450 and case law including Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423 (1974), which affirms that procedural state court orders survive removal. Bassford Remele is now defending its own misconduct, not merely its clients' exposure.

## IV. Forum Familiarity and Request for Judicial Equilibrium

Defendants' counsel, Bassford Remele, included the name of the presiding federal judge in early email communications to Plaintiff, suggesting prior familiarity and potential perceived advantage. This raises concern over neutrality, particularly when Plaintiff is an unrepresented, Pro Se litigant without institutional access. Plaintiff respectfully requests the Court consider this dynamic when evaluating procedural equity and future assignments, should remand be denied.

## V. Preservation of Rights and Procedural Equity

This filing is submitted for the record only and does not request immediate relief. Plaintiff preserves all rights under 28 U.S.C. §1447(c), Rule 60(b), and the Fourteenth Amendment of the United States Constitution. This notice is intended to support full judicial awareness of the record and promote a fair and equal application of procedural law.

Dated: April 24, 2025

/s/ James-Andrew: Grimmer ©

James-Andrew: Grimmer
Plaintiff, Sui Juris, In Propria Persona
Secured Party Creditor
2723 Wagon Wheel Curv
Chaska, MN 55318
(952) 200-8766
jamesgrimmer@hotmail.com