# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**RECEIVED MAY 0 5 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA**

| | |
|---|---|
| JAMES ANDREW GRIMMER, | Civil Action No.: 0:25-cv-01024-PJS-DTS |
| Plaintiff, | |
| vs. | **NOTICE TO CLERK AND COURT – COMPLETION OF PLAINTIFF'S SELF-AUDIT AND STRATEGIC FILING INITIATIVE** |
| CAPITAL ONE, N.A.; and GURSTEL LAW FIRM, P.C. | |
| Defendants. | |

**SCANNED MAY 0 5 2025 U.S. DISTRICT COURT MPLS**

**To the Honorable Court and Clerk of the U.S. District Court:**

Plaintiff respectfully submits this Notice confirming the completion of a comprehensive, proactive procedural audit of all filings, mailings, and service records related to the above-captioned case. This self-audit, concluded April 30, 2025, was prompted by systemic procedural irregularities arising from Defendants' filings and removals, and was initiated in anticipation of formal remand consideration.

The timing of this audit follows the April 29, 2025 State Court hearing in which the Honorable Judge of the Carver County District Court acknowledged for the first time that the matter is temporarily suspended from State jurisdiction pending a ruling on federal jurisdiction. No signed federal order of removal exists as of this date.

**AUDIT SCOPE AND GOALS**

The scope of the audit included all mailings received from Bassford Remele, cross-referenced against PACER docket entries, MCRO filings, internal court records, and Plaintiff's USPS-certified mail logs. Notably, Bassford has exclusively used un-trackable First-Class Mail without certified tracking numbers or return receipts. None of their Declarations of Service were notarized or sworn under oath by a legally authorized official.

All packets - whether from Plaintiff or Defendant - were reviewed and logged for procedural completeness, Rule 11(b) compliance, service irregularities, ADA impact, and jurisdictional abuse.

**THE GOAL OF THIS AUDIT WAS TWOFOLD:**

(1) To preserve a verifiable and independent record of what was actually filed, mailed, and served in both state and federal proceedings, and

(2) To correct and challenge procedural abuses, false filings, and litigation misconduct prejudicial to a Sui Juris, In Propria Persona ADA Title II–protected litigant.

Plaintiff's ADA status has already been formally recognized by the State Court and a Federal ADA filing was submitted on May 5, 2025.

**AUDIT SUMMARY BY MAILING PACKET**

• Bassford Mailing – Packet 1 (March 19, 2025): Initial Notice of Removal filings (Dkt 1–3), filed prematurely under State Court header. Service confirmed via U.S. Mail; however, key State documents and exhibits were not included in the federal removal.

• Bassford Mailing – Packet 2 (March 26, 2025): Motion for Extension (Dkt 6–10), mailed without a valid Rule 7.1 meet-and-confer. No USPS Certified Mail tracking was provided; service unverifiable.

• Plaintiff Filing – Packet 3 (April 24, 2025): Supplemental Declaration and Dual-Jurisdiction Notice (Dkt 38–41), mailed via USPS Certified Mail with return receipt. Filed to document procedural burden and jurisdictional confusion.

• Bassford Mailing – Packet 4 (April 9, 2025): Motion to Dismiss and unauthorized Notice of Hearing (Dkt 17–21). Filed during unresolved jurisdictional period. Included defamatory language and misrepresented procedural posture.

• Plaintiff Filing – Packet 5 (April 8–29, 2025): Plaintiff's Complaint, motions, declarations, and complete MNDES-certified Exhibit Set were properly filed in State Court and served via USPS Certified Mail. However, Defendants failed to include these filings in the federal removal. These materials form the core evidentiary record against Capital One and Gurstel.

**STRIKE PACKAGE FILED ON MAY 5, 2025:**

1. Notice to Clerk and Court – Completion of Plaintiff's Self-Audit and Strategic Filing Initiative

2. Motion to Strike Defamatory Material from Dkt 18

3. Motion for Sanctions under Rule 11(b)

4. Supplemental Motion to Remand (with Audit Attached)

5. ADA Procedural Discrimination and Prejudice Memorandum

6. Judicial Notice of Filing Audit Integrity

7. Federal ADA Accommodation Motion and Request for Judicial Protection

8. Exhibit STRIKE-AUDIT-001 – Filing and Mailing Audit Spreadsheet

9. Certificate of Service – May 5, 2025

10. Declaration of Service – May 5, 2025

**Plaintiff, In Propria Persona, Sui Juris**

Plaintiff has maintained full procedural integrity across both State and Federal proceedings, tracking and certifying all filings, responses, and service events. Each submission has been delivered in good faith, supported by factual evidence and governed by court rules.

Defendants, through counsel Bassford Remele, have transformed this litigation into a procedural endurance test, mischaracterizing and deflecting from the underlying documentary evidence of misconduct by Capital One and Gurstel. Rather than address the legal merits, Defendants have deployed a series of jurisdictional stalling tactics, false certifications, improper hearing notices, and inflammatory labels in an effort to gain unfair prejudice against a self-represented, ADA-accommodated Plaintiff asserting valid statutory claims.

Despite Defendants' improper efforts to block further State Court filings, Plaintiff continued filing valid documents until the April 29, 2025 State Court hearing, during which the Judge verbally confirmed that jurisdiction remains unresolved. No signed order of removal exists. As such, all filings made prior to April 29 are procedurally valid, and Defendants' removal fails to comply with 28 U.S.C. § 1446(a).

Respectfully submitted,

James-Andrew: Grimmer©

*/s/ James-Andrew: Grimmer*

James-Andrew: Grimmer©
Secured Party Creditor, Sui Juris, In Propria Persona
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: 952-200-8766
Email: jamesgrimmer@hotmail.com
Dated: May 5, 2025