# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

RECEIVED
MAY 0 5 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

| | |
|---|---|
| JAMES ANDREW GRIMMER, | Civil Action No.: 0:25-cv-01024-PJS-DTS |
| Plaintiff, | |
| vs. | |
| CAPITAL ONE, N.A.; and | **PLAINTIFF'S MEMORANDUM ON ADA PROCEDURAL DISCRIMINATION AND LITIGATION PREJUDICE** |
| GURSTEL LAW FIRM, P.C. | |
| Defendants. | |


SCANNED
MAY 0 5 2025
U.S. DISTRICT COURT MPLS

**PLAINTIFF'S MEMORANDUM ON ADA PROCEDURAL DISCRIMINATION AND LITIGATION PREJUDICE**

**INTRODUCTION**

This Memorandum is submitted in further support of Plaintiff's Supplemental Motion to Remand and Motion for Sanctions, and to formally document the procedural discrimination and cumulative prejudice suffered by Plaintiff as a disabled litigant under the protections of the Americans with Disabilities Act (ADA), Title II. Defendants' litigation conduct—including mischaracterizations, service fraud, delayed filings, and dual-jurisdiction manipulation—has created unreasonable procedural burdens and denied Plaintiff equal access to justice.

**LEGAL BASIS UNDER THE ADA**

Title II of the ADA, 42 U.S.C. § 12132, guarantees that no qualified individual with a disability shall be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. The federal judiciary, including this Court, is a public entity for the purposes of Title II. See Tennessee v. Lane, 541 U.S. 509

(2004). Courts are required to ensure reasonable accommodations and to prevent procedural prejudice in the conduct of litigation.

## FACTUAL GROUNDS FOR PROCEDURAL DISCRIMINATION

- Plaintiff has a medically documented cognitive disability resulting in impaired memory and processing capacity.
- Defendants' filings have repeatedly introduced confusion, served documents out of order, and referenced filings not actually submitted to PACER or state court.
- Plaintiff is forced to litigate simultaneously in state and federal court due to Defendants' improper removal and obstruction of remand.
- Deadlines have been misrepresented by Defendants, and Plaintiff has been subjected to late, misleading, or falsified service documents, including Dkt 19.
- Despite being notified of Plaintiff's ADA-protected status, Defendants have not altered their litigation practices to minimize burden or ensure clarity.

## CUMULATIVE PREJUDICE AND ADA VIOLATIONS

The cumulative effect of Defendants' tactics has denied Plaintiff the reasonable opportunity to fairly and efficiently litigate his claims. Rather than focus on the substantive merits, Plaintiff has been diverted into constant procedural rebuttal and document auditing. These burdens directly implicate the ADA's guarantee of equal access, and such discrimination need not be overt—systematic procedural imbalance that disparately impacts disabled litigants is sufficient. See 28 C.F.R. § 35.130(b)(3).

## RELIEF REQUESTED

Plaintiff respectfully requests that this Court:
1. Take formal judicial notice of Plaintiff's ADA-protected status under Title II;
2. Acknowledge and correct the procedural burdens created by Defendants' litigation misconduct;
3. Weigh the cumulative ADA prejudice in evaluating all pending motions, including remand and sanctions;
4. Enter any further protective or equitable relief deemed appropriate to ensure Plaintiff's continued access to justice.

**Signature Block on Last Page**

Respectfully submitted,

James-Andrew: Grimmer©

*[signature]*

James-Andrew: Grimmer©
Secured Party Creditor, Sui Juris, In Propria Persona
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: 952-200-8766
Email: jamesgrimmer@hotmail.com
Dated: May 5, 2025