**RECEIVED**
**AUG 27 2025**
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**James-Andrew: Grimmer©**
**Secured Party Creditor,**
**Sui Juris, In Propria Persona,**

Plaintiff,

vs.

**CAPITAL ONE, N.A.; and**
**GURSTEL LAW FIRM, P.C.**

Defendants.

Civil Action No.: 0:25-cv-01024-PJS-EMB
(Case Reassigned to EMB) Docket 72

**PLAINTIFF'S SUPPLEMENTAL NOTICE OF JUDICIAL DELAY AND ADA PROCEDURAL ENFORCEMENT DEMAND**
*(Filed Pursuant to Fed. R. Civ. P. 55(b)(2) and Title II of the ADA, 42 U.S.C. § 12132)*

**Honorable:**
**District Judge Patrick J. Schiltz**
**Magistrate Judge Elsa M. Bullard**

SCANNED
AUG 27 2025
U.S. DISTRICT COURT MPLS

---

Plaintiff James-Andrew: Grimmer© respectfully submits this Supplemental Notice to inform the Court of continued delay in adjudicating Plaintiff's pending Motion for Default Judgment (Dkt 58). The record is fully briefed, unrebutted, and procedurally matured. Defendants have expressly waived opposition (Dkt 42). Plaintiff files this Notice pursuant to Fed. R. Civ. P. 55(b)(2) and Title II of the ADA, both to preserve rights and to respectfully request prompt judicial action or status clarification.

## I. Procedural Posture

1. On **June 10, 2025**, Plaintiff filed a **Motion for Default Judgment** (Dkt 58), supported by a **Proposed Order** (Dkt 59), Damages Addendum, and sworn Declaration.
2. Defendants filed **Dkt 42**, affirmatively waiving further response. No Answer, opposition, or other responsive pleading has been filed.
3. On **June 24, 2025**, Plaintiff filed a **Supplemental Judicial Statement** (Dkt 63) clarifying the legal and evidentiary framework.
4. On **July 17, 2025**, Plaintiff filed a **Notice of Ripened Record and Request for Entry of Default Judgment** (Dkt 64), supported by **Declaration** (Dkt 65) and **Certificate of Service** (Dkt 66).

Page 1 of 3

Civil Action No.: 0:25-cv-01024-PJS-EMB
**PLAINTIFF'S SUPPLEMENTAL NOTICE OF JUDICIAL DELAY AND ADA PROCEDURAL ENFORCEMENT DEMAND**
*(Filed Pursuant to Fed. R. Civ. P. 55(b)(2) and Title II of the ADA, 42 U.S.C. § 12132)*

5. On **July 21, 2025**, the Clerk issued a letter (Dkt 67) mischaracterizing Plaintiff's request as one under Rule 55(b)(1).
6. On **July 23, 2025**, Plaintiff corrected the record with a **Notice of Clerical Error and Request for Judicial Action Under Rule 55(b)(2)** (Dkt 68), supported by an **Exhibit List** (Dkt 69), **Declaration** (Dkt 70), and **Certificate of Service** (Dkt 71).
7. On **July 28, 2025**, the case was reassigned to **Magistrate Judge Elsa M. Bullard** (Dkt 72). Since reassignment, no order, ruling, or scheduling notice has issued.

---

## II. Governing Law

- **Federal Rule of Civil Procedure 55**: Default is entered when a defendant "has failed to plead or otherwise defend." After entry of default, the Court may enter judgment under Rule 55(b)(2).
  Source: Fed. R. Civ. P. 55 – Cornell LII
  URL: https://www.law.cornell.edu/rules/frcp/rule_55

- **Marshall v. Baggett**, 616 F.3d 849, 852 (8th Cir. 2010): On default, the allegations of the complaint (except as to damages) are taken as true, though the Court must confirm that they state a valid claim.
  Source: CourtListener – Marshall v. Baggett
  URL: https://www.courtlistener.com/opinion/173466/marshall-v-baggett/

- **Ackra Direct Mktg. Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996): Affirming default judgment where defendant willfully failed to defend; even a potentially meritorious defense does not excuse deliberate default.
  Source: Justia – Ackra v. Fingerhut
  URL: https://law.justia.com/cases/federal/appellate-courts/F3/86/852/538141/

- **ADA Title II**: 42 U.S.C. § 12132 prohibits public entities from excluding qualified individuals with disabilities from participation in or denying them the benefits of services, programs, or activities.
  Source: 42 U.S.C. § 12132 – Cornell LII
  https://www.law.cornell.edu/uscode/text/42/12132

- **DOJ Regulation**: 28 C.F.R. § 35.130(b)(1)(ii) prohibits public entities from utilizing criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination.
  Source: 28 C.F.R. § 35.130 – eCFR
  URL: https://www.ecfr.gov/current/title-28/chapter-I/part-35/subpart-B/section-35.130

---

Page 2 of 3

Civil Action No.: 0:25-cv-01024-PJS-EMB
**PLAINTIFF'S SUPPLEMENTAL NOTICE OF JUDICIAL DELAY AND ADA PROCEDURAL ENFORCEMENT DEMAND**
*(Filed Pursuant to Fed. R. Civ. P. 55(b)(2) and Title II of the ADA, 42 U.S.C. § 12132)*

## III. Judicial Delay and ADA Prejudice

As of this filing, Plaintiff's Rule 55(b)(2) Motion for Default Judgment (Dkt 58) has been pending for **over 75 days**, and nearly **a full month** has passed since reassignment to Magistrate Judge Bullard (Dkt 72), with no judicial action.

Plaintiff is a Title II ADA-protected litigant with cognitive and memory impairments. Continued inaction imposes disproportionate burdens on Plaintiff's ability to access timely judicial relief, contrary to Rule 55(b)(2) and ADA Title II obligations.

The record is **procedurally mature**, **fully briefed**, and **unrebutted**. Defendants expressly waived opposition (Dkt 42). No factual disputes remain, and no trial is required.

---

## IV. Relief Requested

Plaintiff respectfully requests that the Court:

1. **Adjudicate Plaintiff's Motion for Default Judgment (Dkt 58) without further delay;**
2. Enter **Default Judgment with prejudice** in Plaintiff's favor for the relief previously requested — including **$3.8 million in damages**, together with applicable costs and fees; or, in the alternative,
3. Provide **immediate clarification of the status of Dkt 58** and the Court's intended procedure for resolution.

---

**Respectfully submitted,**

/s/ James-Andrew: Grimmer© - Agent/Beneficiary

*[signature]*

**James-Andrew: Grimmer©**
Secured Party Creditor, Sui Juris, In Propria Persona
2723 Wagon Wheel Curv
Chaska, MN 55318
Phone: 952-200-8766
Email: jamesgrimmer@hotmail.com

**Dated:** August 27, 2025